# IN THE COURT OF APPEALS OF IOWA

No. 24-0036
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAMP LEWIS THAXTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman, Judge.


        A defendant challenges the sufficiency of the evidence supporting his conviction for operating while intoxicated, second offense.  **AFFIRMED.**


        Des C. Leehey, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.


        Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

A jury found Champ Thaxton guilty of operating while intoxicated (OWI)[1] and harassment in the first degree. He appeals only his OWI conviction. He contends the evidence is insufficient to establish that he was under the influence of alcohol.

**I.      Standard of Review**

A challenge to the sufficiency of the evidence is reviewed for correction of errors at law. *State v. Veal*, 930 N.W.2d 319, 328 (Iowa 2019). "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted). During our review of the record, we do not assess the credibility of witnesses or weigh the evidence, as such matters are for the jury. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022).

**II.     Discussion**

The district court instructed the jury that the State was required to prove two elements of OWI: (1) Thaxton "operated a motor vehicle" and (2) when he operated the vehicle, Thaxton "was under the influence of alcohol."[2]     Thaxton

---

[1] After the jury found him guilty of OWI, Thaxton stipulated to a prior offense. As a result, he was adjudicated guilty of OWI, second offense.

[2] Because no objection was made to the jury instructions, they are the law of the case for purposes of assessing Thaxton's sufficiency-of-the-evidence challenge. *See State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024).

challenges only the sufficiency of the evidence for the second element—whether he was under the influence—so we confine our discussion to that issue. The court instructed the jury what it means to be under the influence:

> A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:
> 1. His reason or mental ability has been affected.
> 2. His judgment is impaired.
> 3. His emotions are visibly excited.
> 4. He has, to any extent, lost control of bodily actions or motions.

Based on the evidence presented at trial, reasonable jurors could have found the following facts. Thaxton and his girlfriend had already been at one bar before arriving at a second bar to play pool. While at the second bar, he and his girlfriend got into an argument that drew the attention of other bar patrons and staff. During the argument, multiple witnesses reported hearing him raise his voice and grab his girlfriend to pull her toward the exit. The bartender testified that Thaxton threatened to kill his girlfriend if she did not leave with him. While leaving the bar, Thaxton continued to make a scene by yelling at his girlfriend and then squealing his tires while driving away. *See State v. Vesey*, No. 12-1753, 2013 WL 4504915, at *3 (Iowa Ct. App. Aug. 21, 2013) (noting the defendant's "irritated" and "hostile" demeanor supported the conclusion she was under the influence). The bartender—a relative of Thaxton's who was familiar with his demeanor—believed he was under the influence of alcohol at the time of these events. *See State v. Calhoun*, No. 19-0066, 2020 WL 564905, at *2 (Iowa Ct. App. Feb. 5, 2020) (finding substantial evidence to support an OWI conviction based on, among other facts, the defendant's mother's statement that "she believed he was under the influence of something at the time").

After Thaxton left, the bartender called the police to report Thaxton's threats. An investigating officer caught up to Thaxton at his residence, where he noticed Thaxton's breath had the odor of an alcoholic beverage and his eyes were bloodshot and watery. *See State v. Walter*, No. 21-0446, 2022 WL 610571, at *3 (Iowa Ct. App. Mar. 2, 2022) (finding sufficient evidence of the defendant being under the influence in part based on his bloodshot, watery eyes, even though that condition could be explained by fatigue, as the defendant claimed). Thaxton admitted drinking alcohol and confirmed he had not had anything to drink since returning home. When the officer took Thaxton to the police station for processing, Thaxton refused all field-sobriety tests and a breath test to measure his blood-alcohol level. *See* Iowa Code § 321J.16 (2022) (permitting evidence that a defendant refused chemical testing); *see also State v. Kilby*, 961 N.W.2d 374, 383 (Iowa 2021) (McDonald, J., concurring specially) (acknowledging the propriety of arguing for a jury to draw an adverse inference of guilt from a defendant's refusal to submit to chemical testing).

From this evidence, a reasonable juror could conclude that Thaxton's reason or mental ability was affected, his judgment was impaired, and his emotions were visibly excited due to his consumption of alcohol. In short, there was sufficient evidence to permit the jury to conclude Thaxton was under the influence of alcohol.

Thaxton's attempts to undermine the jury's verdict are not persuasive. His argument that the State's evidence is circumstantial is not only inaccurate—there was direct evidence of Thaxton being under the influence—but it fails to recognize that direct and circumstantial evidence are equally probative. *See Brimmer*, 983

N.W.2d at 256. His attacks on the credibility of the State's witnesses based on their intoxication levels and correspondingly spotty memories are also unavailing, as it is the jury's duty to resolve conflicts in the evidence and assess witness credibility, not an appellate court's. *Id.* Thaxton also emphasizes the investigating officer's testimony that he was unable to determine whether Thaxton was under the influence of alcohol when interviewing him at his home, but he overlooks the officer's observations that Thaxton's eyes were bloodshot and watery and his breath smelled of alcohol. While the officer may not have concluded Thaxton was under the influence during this brief interaction, the jury could properly consider the officer's observations when reaching its verdict. *See Walter*, 2022 WL 610571, at *3 (noting that a reasonable factfinder could conclude "bloodshot, watery eyes" were caused by being under the influence). Thaxton's arguments are simply alternative ways of asking us to weigh the evidence differently than the jury did, and that is something we cannot do on a sufficiency-of-the-evidence challenge. *See Brimmer*, 983 N.W.2d at 256.

### III.    Conclusion

Based on our review of the evidence, a reasonable juror could conclude that Thaxton was "under the influence" while operating a vehicle. As this is Thaxton's only challenge to the jury's verdict, we reject the challenge and affirm his conviction.

**AFFIRMED.**